# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERESA STAGGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-16-1441-STE ) |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. _____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I. PROCEDURAL BACKGROUND

The Social Security Administration denied Plaintiff's applications initially and on reconsideration. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 12-23). The Appeals Council denied Plaintiff's

request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 26, 2012, the alleged disability onset date. (TR. 14). At step two, the ALJ determined Ms. Staggs had the following severe impairments: peripheral arterial disease; major depressive disorder, severe with psychotic features; and rule out learning disorder, NOS. (TR. 14). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 16-17).

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a telemarketer. (TR. 21). The ALJ further concluded that this job would not require the performance of any work-related abilities precluded by her residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a). The claimant could occasionally lift/carry/push/pull 10 pounds and frequently lift/carry/push/pull less than 10 pounds. She can sit for 6 hours in an 8-hour workday and stand/walk 2 hours in an 8-hour workday. The claimant cannot climb ladders/ropes/scaffolds or balance. The claimant can perform simple and some complex tasks with routine supervision; interact appropriately with supervisors and co-workers on a superficial work basis; and adapt to work situations.

(TR. 18).

Even though the ALJ concluded that Ms. Staggs was capable of performing her past relevant work, she made additional findings at step five. There, the ALJ presented several limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 62). Given the limitations, the VE identified two jobs from the Dictionary of Occupational Titles (DOT). (TR. 63). The ALJ adopted the testimony of the VE and concluded that Ms. Staggs was not disabled based on her ability to perform the identified jobs. (TR. 22-23).

## III. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in the evaluation of evidence from Drs. Fatema Haque and J. Ronald Cruse. In particular, Plaintiff challenges the evaluation of her Global Assessment of Functioning (GAF) scores.

## IV. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. ANALYSIS

Dr. Haque treated Plaintiff at North Rock Medication Clinic and Dr. Cruse performed a one-time consultative examination which had been ordered by the SSA. (TR. 298-302 (Dr. Cruse); TR. 331, 335, 341, 375, 398, 400, 405, 455, 461, 465, 479, 487, 494, 498, 503, 523, 528, 533, 538 (Dr. Haque)). Each of these physicians rated Ms. Stagg's GAF by means of assigning a rating to Ms. Staggs based on the particular examination. Plaintiff raises two separate, yet related, arguments regarding the ALJ's treatment of the evidence from these physicians. First, Plaintiff takes issue with the ALJ's failure to mention or discuss any of the GAF scores. (ECF No. 20:2-7). Second, Plaintiff alleges error in the ALJ's failure to discuss the weight she accorded certain evidence from both physicians. (ECF No. 20:2-7). The Court rejects both arguments.

### A. GAF Scores

"The GAF is a 100–point scale divided into ten numerical ranges, which permits clinicians to assign a single ranged score to a person's psychological, social, and occupational functioning." *Keyes–Zachary v. Astrue,* 695 F.3d 1156, 1162 n. 1 (10th Cir. 2012) "A GAF score of 41–50 indicates '[s]erious symptoms . . . [or] serious impairment in social, occupational, or school functioning,' such as inability to keep a job." *Langley v. Barnhart*, 373 F.3d 1116, 1122, n.3 (10th Cir. 2004). A GAF score of 31–40 indicates "[s]ome impairment in reality testing or communication ... OR major impairment in several areas, such as work, school, family relations, judgment, thinking or mood." *Cainglit v. Barnhart*, 85 F. App'x 71, 75 (10th Cir. 2003).

4

The GAF ratings at issue involve scores of 32 (rated twice), 40 (rated six times), 42 (rated five times), 45 (rated five times), 48 (rated once), and 49 (rated once). Of the twenty scores, seventeen were made as part of a summary of findings with no accompanying explanations. (TR. 302, 375, 398, 400, 405, 455, 461, 465, 479, 487, 494, 498, 503, 523, 528, 533, 538). The remaining three scores were authored as part of a one-page check sheet which Dr. Haque completed as part of examining Ms. Staggs. (TR. 331, 335, 341). On the check sheet, Dr. Haque also noted that Ms. Staggs:

- suffered from social and familial problems, and
- complained of auditory hallucinations.

(TR. 331, 335). Even so, Dr. Haque did not link the GAF scores or the other findings to specific work-related limitations. (TR. 331, 335, 341).

In the decision, the ALJ gave a detailed summary of Plaintiff's mental health records, including the records from Drs. Haque and Cruse, although admittedly, the ALJ failed to specifically mention the GAF scores. (TR. 14-16). Ms. Staggs maintains that the ALJ should have discussed the scores because they indicated an inability to work, contrary to the ALJ's findings. (ECF No. 20:2-7). The Court disagrees for three reasons.

First, Ms. Staggs has failed to show that the ALJ ignored the GAF scores. The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater,* 79 F.3d 1007, 1009–1010 (10th Cir. 1996). The ALJ discussed the findings from Drs. Haque and Cruse,[1] and error does not exist based on an ALJ's failure to explicitly mention each piece of evidence

---

[1] (TR. 14-16).

contained in their reports. Moreover, the ALJ stated that she considered the entire record,[2] and the Court must take the ALJ at her word. *See Wall v. Astrue*, 561 F.3d 1948, 1970 (10th Cir. 2009).

Second, the GAF scores were not significantly probative. A low GAF score, standing alone, is insufficient to prove disability. "[T]he Social Security Administration does not consider GAF scores to have a direct correlation to the severity requirements in [the] mental disorders listings, and the [ ] *Diagnostic and Statistical Manual of Mental Disorders* has discontinued its use because of "its conceptual lack of clarity . . . and questionable psychometrics in routine practice." *Rose v. Colvin*, 634 F. App'x. 632, 636 (10th Cir. 2015) (internal quotation marks and citations omitted).

Third, the records contained no explanation regarding how the GAF scores had been calculated, nor did any medical professional link the scores to any particular work-related limitations. *See* TR. 302, 331, 335, 341, 375, 398, 400, 405, 455, 461, 465, 479, 487, 494, 498, 503, 523, 528, 533, 538. Although Plaintiff maintains that the scores "were in conflict with the ALJ's finding of the ability to work,"[3] Ms. Stagg's theory is not entirely self-evident. *See Butler v. Astrue,* 412 F. App'x 144, 147 (10th Cir. 2011) (noting that GAF scores that are not linked to any work-related limitations are not particularly helpful and cannot alone determine disability); *Eden v. Barnhart,* 109 F. App'x. 311, 314 (10th Cir. 2004) (noting that because a GAF of 50 "may not relate to [Plaintiff's] ability to work, the score, standing alone, without further explanation, does not establish an impairment

---

[2] (TR. 14).

[3] (ECF No. 20:2-3).

severely interfering with an ability to perform basic work activities."); *Cainglit v. Barnhart*, 85 F. App'x 71, 75 (10th Cir. 2003) ("In the absence of any evidence indicating that [the physicians] assigned these GAF scores [ranging from 39-45] because they perceived an impairment in [the plaintiff's] ability to work, the scores, standing alone, do not establish an impairment seriously interfering with [the plaintiff's] ability to perform basic work activities.").

Indeed, the three "check sheet" scores also included findings that Plaintiff had reported several social and familial problems, which could have explained the scores. *See Lee v. Barnhart,* 117 F. App'x. 674, 678 (10th Cir. 2004) (noting that an unexplained GAF score might indicate an impairment "solely within the social, rather than the occupational, sphere"); *Cainglit v. Barnhart*, 85 F. App'x 71, 75 (10th Cir. 2003) (noting that "A GAF score of 39–45 thus may indicate problems that do not necessarily relate to one's ability to work.").

Because the GAF scores were not significantly probative and the ALJ stated that she considered all of the evidence in the record, the Court rejects Plaintiff's argument regarding error in the ALJ's consideration of GAF scores.

### B. Evidence from Drs. Haque and Cruse

In a related argument, Plaintiff challenges the ALJ's overall treatment of certain evidence from Drs. Haque and Cruse. (ECF No. 20:2, 4-7). Specifically, Ms. Staggs states, "The ALJ did not discuss the weight given to treating Dr. Haque or Dr. Cruse the CE." (ECF No. 20:2). In support, Plaintiff states:

> The evidence shows that Ms. Staggs suffers from severe mental impairments causing psychotic limitations to the point she believes there is a time machine in the attic and a city below her home. These impairments have been severe and have left Ms. Staggs struggling to accomplish basic household tasks or even get herself to her doctor by herself without her sister for memory purposes. Her sister notes she sits on the porch and talks back to the voices in her head. How can a person like this work?

(ECF No. 20:4-5). Ms. Stagg's attorney clearly believes that Plaintiff's delusions and other struggles render her unable to work. But the ALJ considered this evidence and concluded otherwise. *See* TR. 16, 19, 20 (ALJ's consideration of Plaintiff's testimony regarding the city below her home, a time machine in her attic, and her ability to perform household tasks). The Court cannot reweigh the evidence and reach a different conclusion based on counsel's speculation that Ms. Staggs cannot work. *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted) (the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency.").

According to Plaintiff, the ALJ violated the "treating physician rule" because she "never determined the weight to be granted to the treating physician or the CE, both of who's [sic] opinions conflict with the ALJ's finding." (ECF No. 20:5). But Plaintiff's argument suffers from a fatal flaw in that she neglects to identify what opinion the ALJ failed to evaluate. Outside of the specific GAF scores, which the Court has already addressed, Plaintiff only cites "many, many references to disturbing mental health behaviors to the point of suicide" and "numerous references to her serious mental health problems which would prevent work . . ." (ECF No. 20:5).

Under the treating physician rule, an ALJ must assign weight to a treating physician's *opinion* regarding a claimant's limitations. *Allman v. Colvin*, 813 F.3d 1326, 1331 (10th Cir. 2016). Plaintiff generally cites her suicidal behavior, but does not cite to a single treating physician *opinion* in the record that the ALJ allegedly ignored. And the Court will not search the medical record looking for such an opinion. *See Keyes–Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those contentions that have been adequately briefed for review."); *Effinger v. Callahan,* 1997 WL 446724, at *2 (10th Cir. 1997) (holding that the Court "will not comb through the record where counsel has not provided specific references tied to an argument"); *Mueller v. Colvin*, No. CIV-13-805-M, 2014 WL 3419313, at *3 (W.D. Okla. July 11, 2014) ("Plaintiff does not cite to a single treating physician *opinion* in the record—much less to one that the ALJ ignored—and the undersigned will not comb the medical record looking for such an opinion.").

### C. Summary

The ALJ did not err in failing to discuss the GAF scores, as they were not linked to any specific work-related limitations and standing alone, they were not significantly probative on the issue of disability. Likewise, the Court rejects Plaintiff's allegation of error regarding the ALJ's treatment of evidence from Drs. Haque and Cruse, as Plaintiff has failed to fully develop this argument by explaining which opinion evidence the ALJ had allegedly failed to consider.

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision ENTERED on September 25, 2017.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE